IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KINDA WOOD USA,

    Plaintiffs,

v.

MGV ENTERPRISES LLC aka MGV
ENTERPRISES, INC, et al.,

    Defendants/
    Third-Party Plaintiff

v.

GERRY DALLIMORE

    Third-Party Defendant.

Case No. 2:07-cv-1137

JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

This matter is before the Court on Plaintiff/Counterclaim-Defendant North American Recycling, fka KindaWood U.S.A. and Third-Defendant Gerry Dallimore's (collectively, "North American") Motion to Dismiss and for Summary Judgment on Defendant/Third-Party Plaintiff MGV Enterprises LLC's ("MGV") Counterclaim/Third-Party Complaint. (Doc. 43). For the following reasons, the Motion is DENIED.

**I.**

North American seeks a dismissal of MGV's Counterclaim/Third-Party Complaint under Fed. R. Civ. P. 12(b)(6) and 56(c). In deciding a motion to dismiss under Rule 12(b)(6), the Court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the Court may take judicial notice. *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993). Rule 12(b) gives the Court

1

discretion to accept and consider extrinsic materials, and to convert the motion into one for summary judgment under Rule 56(c). *See Shelby County Health Care Corp. v. Southern Council of Industrial Workers Health and Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000) (describing discretionary use of Rule 12 to consider extrinsic materials and to convert a motion to dismiss into a summary judgment motion). The Court finds that North American's Motion is not well taken under the standard of either Rule 12(b)(6) or 56(c), whether relying solely on the materials submitted in connection with the pleadings, or together with the additional declarations submitted on the motion for summary judgment.

## II.

Briefly, MGV's Counterclaim/Third-Party Complaint alleges that MGV and North American entered into a Purchase Contract on July 31, 2007. (Countercl. ¶ 6). Prior to reaching the agreement, Third-Party Defendant Dallimore spoke with an MGV employee, George Feth, and represented to Mr. Feth that he had years of experience and was an expert in good standing in the recycling industry, and that his company, North American, had a customer ready to purchase the product being sold by MGV to North American. (*Id.* ¶ 13). On August 6, 2007, Dallimore visited MGV and represented to MGV's president that he was an expert in good standing, that North American had a customer committed to purchasing the product being sold by MGV, and that the product met the needs of North American's customer. (*Id.* ¶ 14).

North American subsequently learned that, in 2006, Dallimore was disqualified from managing a business in England for a period of eleven years as a result of fraudulent activities. (*Id.* ¶ 15). MGV claims that each of Dallimore's representations was false; that Dallimore intended his misrepresentation to induce MGV's reliance, and that MGV relied on the misrepresentations in entering into the Purchase Contract with North American. (*Id.* ¶¶ 15-18).

2

As required by the Purchase Contract, MGV provided several shipments of its product to North American. North American has refused to pay for the product, has refused to accept any further shipments, and now claims that the product does not meet the meets of the North American's customer. (*Id.* ¶¶ 19–21).

North American filed a complaint against MGV, asserting claims for breach of contract, fraud and misrepresentation. MGV filed a counterclaim against North American and a third-party complaint against Gerry Dallimore, asserting one count of fraud. This Court has jurisdiction under 28 U.S.C. §§ 1332 and 1367.

### III.

#### A. Standard of Review for Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action will be dismissed if the complaint fails to state a claim upon which relief can be granted. When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true the allegations in the complaint. *Associated Gen'l Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The moving party has the burden of proving that no claim exists. To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

#### B. Standard of Review for Motion for Summary Judgment

Fed. R. Civ. P. 56(c) controls summary judgment proceedings, and states, in part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

3

On a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. Kress & Co.*, 398 US 144, 158-59 (1970). Summary judgment is not appropriate in the face of a genuine dispute about a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is warranted, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

## C. MGV's Fraud Claim

> To prove fraud or fraudulent inducement, a plaintiff must establish (1) a false representation concerning a fact or, in the face of a duty to disclose, concealment of a fact, material to the transaction; (2) knowledge of the falsity of the representation or utter disregard for its truthfulness; (3) intent to induce reliance on the representation; (4) justifiable reliance upon the representation under circumstances manifesting a right to rely; and (5) injury proximately caused by the reliance.

*Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 874 (6th Cir. Ohio 2007) (citing *Lepera v. Fuson*, 83 Ohio App. 3d 17, 613 N.E.2d 1060, 1063 (Ohio Ct. App. 1992)).

### 1. Representation regarding "expert in good standing"

North American contends that Dallimore's alleged misrepresentation – that he was an expert in good standing with many years of experience in the recycling industry – cannot support a fraud claim because: 1) Dallimore had no duty to disclose the information regarding his past business dealings; 2) the statement was "puffing"; and 3) the statement regarding his experience was true.

4

"'When an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak.'" *State v. Warner*, 55 Ohio St.3d 31, 54 (Ohio 1990) (quoting *Chiarella v. United States*, 445 U.S. 222, 235 (1980)); *see also Micrel*, 486 F.3d at 873-74. Accepting as true the facts alleged by MGV, Dallimore both failed to disclose to MGV that he was disqualified from managing a company in the United Kingdom because of fraudulent conduct, and made an affirmative statement to MGV that he was an expert "in good standing" in the industry. (Countercl. ¶¶13–14). Accordingly, the legal "duty to disclose" is not the determining factor in this case, because MGV's allegations of fraud are not based solely upon nondisclosure.

As to North American's "puffing" assertion, the Supreme Court has stated that "puffing, [is] the mere exaggeration of the qualities which the article has; but when a proposed seller goes beyond that, assigns to the article qualities which it does not possess, does not simply magnify in opinion the advantages which it has but invents advantages and falsely asserts their existence, he transcends the limits of "puffing" and engages in false representations and pretenses. *United States v. New South Farm & Home Co.*, 241 U.S. 64, 71 (1916); *see also Blakeslee v. Wallace*, 45 F.2d 347 (6th Cir. 1930) (representations of opinion may be puffing, while representations of comparative fact may be fraud).

While use of the words "experienced" and "expert" may constitute "puffing" in some circumstances, the Court finds that Dallimore's misrepresentation regarding his "good standing" was not a "mere exaggeration of qualities," is not "extremely subjective" and cannot be considered as "puffery" based on facts of this case as set out in the pleadings. The Court therefore finds that MGV has stated a claim for fraud, sufficient to withstand Rule 12(b)(6) dismissal.

Moreover, based on the materials submitted by the parties regarding Dallimore's dealings in England, there is a genuine question of fact as to whether Dallimore can be considered "in good standing" and whether he representative himself as such. The inconsistencies in the limited factual record currently before the Court preclude a finding of summary judgment on MGV's fraud claim.

### 2. Representation regarding a "customer committed to purchasing large quantities of [MGV's] product"

MGV's fraud claim is further premised on Dallimore's representation that North American had "a customer who was committed to purchasing large quantities of the Product." (Countercl. ¶ 15). MGV and North American dispute the quality of product that MGV was required to provide to North American for sale to North American's customer. North American's contract with its customer appears to have terms different from those contained in the Purchase Contract between MGV and North American. MGV's Counterclaim/Third-Party Complaint contains sufficient facts stating a claim for fraud based upon these facts. (*Id.* ¶17). Moreover, a reasonable jury could find in favor of either party with regards to whether North American had a suitable customer for MGV's product, and accordingly, North American's motion is denied under both Civil Rules 12(b)(6) and 56(c).

### IV.

For the foregoing reasons, Plaintiff/Counterclaim-Defendant North American Recycling and Third-Defendant Gerry Dallimore's Motion (doc. 43) is DENIED.

**IT IS SO ORDERED**

3-10-2009
Date

Edmund A. Sargus, Jr.
United States District Judge